UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO FERNANDEZ, <br><br> Plaintiff, <br><br> v. <br><br> JOSE FUENTES MENDOZA et al., <br><br> Defendants. | Case No. 2:22-cv-02209-SB-PLA <br><br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

    Plaintiff Antonio Fernandez is paralyzed from the waist down and uses a wheelchair. Dkt. No. 20-4. In July 2021, Plaintiff visited the La Alicia Meat Market in Los Angeles, California, owned by Defendants Julio Fuentes Mendoza and Alicia Fuentes. Plaintiff alleges that the Meat Market lacked wheelchair-accessible paths, in violation of the Americans with Disabilities Act (ADA) and California's Unruh Act. Dkt. No. 1. After Defendants failed to appear, answer, or otherwise respond, Plaintiff filed his Motion for Default Judgment. Dkt. No. 20. Defendants have not opposed the motion. The Court finds this matter suitable for decision without oral argument and vacates the August 26, 2022 motion hearing. Fed. R. Civ. P. 78; L.R. 7-15. The Court concludes that Plaintiff is entitled to injunctive relief, and awards him civil penalties and attorney's fees in a reduced amount.

    Before a court may rule on an application for default judgment, it must first determine whether the application complies with Federal Rule of Civil Procedure 55 and Local Rule 55-1. *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). The application must set forth: (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the

Servicemembers Civil Relief Act (50 U.S.C. § 3931) does not apply; and (5) that notice of the application has been served on the defaulting party (if required). *Id.*

Once these procedural requirements are met, "[g]ranting or denying a motion for default judgment is a matter within the court's discretion." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 919 (C.D. Cal. 2010) (citations omitted). The Ninth Circuit has identified seven factors courts may consider when exercising this discretion: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Factual allegations—other than those relating to the damages amount—are considered admitted upon default. Fed. R. Civ. P. 8(b)(6); *see Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). However, a court must still consider whether the complaint contains the required factual support and asserts legally sufficient claims.

Plaintiff's motion satisfies the procedural requirements for default judgment. Defendants were served with the complaint and summons. Dkt. Nos. 10, 15. Because Defendants did not appear or answer the complaint, the Clerk entered default against Defendants. Dkt. No. 12, 17. Plaintiff's moving papers contain the information required by both the Local Rules and the Federal Rules of Civil Procedure; Defendants are not incompetent persons or minors and are not exempted under the Servicemembers Civil Relief Act; and notice of the motion was served on Defendants. Dkt. No. 20-11.

The *Eitel* factors also weigh in favor of granting a default judgment: (1) Plaintiff would be prejudiced if default judgment is not entered because he cannot otherwise recover the money owed by Defendants; (2) Plaintiff's claims for violation of the ADA and the Unruh Act appear to be meritorious; (3) Plaintiff's Complaint adequately pleads plausible claims under the ADA and Unruh Act; (4) the sum of money sought by Plaintiff is $12,652, composed only of the minimum statutory damages against each Defendant under the Unruh Act and attorney's fees and costs (which the Court will reduce appropriately); (5) Defendants have made no attempt to defend this case and the undisputed allegations are accepted as true; (6) there is no basis to believe that Defendants'

default results from excusable neglect; and (7) Defendants' failure to appear or respond makes deciding the case on the merits impractical.

Plaintiff seeks injunctive relief directing Defendants to comply with the ADA and the Unruh Act. A court may grant injunctive relief for violations of the Unruh Act and the ADA. Cal. Civ. Code § 52.1(c); 42 U.S.C. § 12188(a)(2). Neither Plaintiff's pleading nor his motion identifies with specificity what Plaintiff wants the Court to compel Defendants to do: The complaint prays only "[f]or injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act," Dkt. No. 1 at 6, and the motion similarly makes only a passing reference to injunctive relief, seeking relief "compelling Defendant [sic] to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act," Dkt. No. 20-1 at 2. Plaintiff's proposed judgment, however, requires Defendants "to provide wheelchair accessible paths of travel at the La Alicia Meat Market located at 3114 E. 4th Street, Los Angeles, California, in compliance with the Americans with Disabilities Act Accessibility Guidelines." Dkt. No. 20-14 at 2. Discrimination under the ADA includes "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C.A. § 12182(2)(A)(iv). Plaintiff has provided evidence, including photographs of the inside of the store, Dkt. No. 20-6, which appears to establish that compliance with the ADA Guidelines for paths of travel can "be carried out without much difficulty or expense." 28 C.F.R. § 36.304(a). *See also id.* § 36.304(b)(3) (illustrating ways to remove barriers, including "[r]epositioning shelves" and "rearranging tables, chairs, vending machines, display racks, and other furniture").

Plaintiff also seeks an award of $8,000 under the Unruh Act—$4,000 against each owner of the business. A violation of the Unruh Act provides for the recovery of "in no case less than four thousand dollars." Cal. Civ. Code § 52(a). While Plaintiff cites case law in which an owner and operator, both named in the relevant complaint, were held separately liable for statutory damages, "courts generally award only a single $4,000 statutory damage penalty where multiple defendants who own or operate a business are held liable for an ADA violation." *Love v. Kim*, No. EDCV181338FMOPLAX, 2019 WL 8167926 at *1 (C.D. Cal. Oct. 18, 2019). Because Plaintiff has not shown that any award above the minimum statutory damages is warranted, the Court awards $4,000, assessed jointly and severally, against the two Defendants.

Finally, Plaintiff seeks $4,652 in attorneys' fees and costs. Under Title III of the ADA, a prevailing plaintiff is entitled to an award of reasonable attorneys' fees.

3

*See* 42 U.S.C. § 12205.  The Ninth Circuit has construed the Central District of California's local rules, which provide a schedule of attorney's fees for default judgments, and described the procedure that this Court must follow when determining a reasonable fee award against a defaulting party:

> If a party seeks a fee "in excess of" the schedule and timely files a written request to have the fee fixed by the court, then the court must hear the request and award a "reasonable" fee.  That process does not describe a "modification" of the schedule of fees.  Rather, it prescribes an alternative process when a party invokes it in the proper way at the proper time.  When a party invokes that process, the court is obliged to calculate a "reasonable" fee in the usual manner, without using the fee schedule as a starting point.

*Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1159 (9th Cir. 2018).  In *Vogel*, the court held that "the district court misinterpreted Local Rule 55-3 and abused its discretion . . . [b]y treating the fee schedule as presumptively reasonable, rather than using the lodestar approach to calculate a presumptively reasonable fee . . . ." *Id.* at 1161.  The Ninth Circuit emphasized that "[i]n a case in which a defendant fails to appear or otherwise defend itself . . . the burden of scrutinizing an attorney's fee request—like other burdens—necessarily shifts to the court." *Id.* at 1160.

*Vogel* cautions that courts must "strike a balance between granting sufficient fees to attract qualified counsel to civil rights cases and avoiding a windfall to counsel," and "[t]he way to do so is to compensate counsel at the prevailing rate in the community for similar work; no more, no less." *Id.* at 1158 (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)).  To avoid a windfall, the Court applies the lodestar approach "by determining how many hours were reasonably expended on the litigation, and then multiply[ing] those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Moreno*, 534 F.3d at 1111.  While the Court is required to explain its rationale, if the difference between the requested fees and the court's award is relatively small, "a somewhat cursory explanation will suffice." *Id.*

Here, counsel for Plaintiff seek to recover $3,740 in fees for 9.6 hours of work billed at $650 per hour for Mark Potter, who has 25 years of disability-related litigation experience; $650 per hour for Russell Handy, who has 19 years of disability-related litigation experience; $500 per hour for Amanda Seabock, who has ten years of experience and is a supervising attorney; $450 per hour for Sara

Gunderson, who has nine years of experience; $200 per hour for Mark Handy, who has 12 years of experience; and $100 per hour for paralegals.[1]  Dkt. No. 20-3, 20-12.  Based on this limited record and the Court's experience with the rates awarded in similar cases, the Court finds that, for this kind of litigation in this market, a rate of no more than $500 per hour is reasonable for attorneys with Potter's and Russell Handy's experience, and a rate of no more than $450 per hour is reasonable for attorneys with Seabock's and Gunderson's experience.  The $200 hourly rate for Mark Handy and the $100 hourly rate for the paralegals are deemed reasonable on this unopposed record.

The Court finds that the expenditure of nearly 10 hours of time for the boilerplate work in this case is unreasonable.  Plaintiff's law firm has represented to the Court in other cases that it is "by far the largest filer" of ADA litigation in California and is "responsible for the bulk of the construction-related ADA claims filed in the Central District of California."  Brief for Plaintiff, *Fernandez v. Singh*, No. 2:22-CV-01963-SB-AFM, 2022 WL 1843141 (C.D. Cal. Apr. 28, 2022), ECF No. 19 at 2; *see also Love*, 2019 WL 8167926, at *4 (reducing rates and hours for Plaintiff's counsel because "Plaintiff's counsel have filed hundreds, if not thousands, of ADA accessibility cases. . . . The cases are not complex and rarely raise unique issues.").  The Court doubts that it took this firm nearly 10 hours to bring this suit through the instant motion for default judgment.  For example, R. Handy and Seabock claim to have spent 1.5 hours on three prefiling tasks on July 8, 2021 that the Court finds inflated:  analyzing claims, online research—including reviewing Google satellite images and Google street view (for a claim about the conditions inside the market), and review of public records.  Courts have found that these kinds of tasks can be done more efficiently and staffed more appropriately.  *See Villegas v. Wong-One*, LLC, No. CV 20-7291-RSWL-ASX, 2021 WL 2987151 (C.D. Cal. July 15, 2021).  Under these circumstances, and based on the Court's evaluation of the reasonable amount of time it would have taken to do the relevant work, the Court finds that a 30% reduction across the board to the hours billed by each timekeeper more accurately reflects the reasonable hours expended in this case.  The Court will therefore allow Plaintiff to

---

[1] Plaintiff's billing records also include 0.2 hours billed at $550 per hour ($110 total) by Dennis Price, who is not included in the description of attorneys who billed to this matter.  Dkt. 20-3.  Because Price is not identified in Plaintiff's Motion or the supporting declarations and no support is given for the rates charged by him, the Court deducts that entry from the fees sought by Plaintiff.

5

recover for 6.72 hours. Multiplied by the relevant reasonable rates, this results in an award of $2,408.

Plaintiff requests $802 in costs incurred in investigation, filing fees and service of process. This request appears to be reasonable.

In sum, the Court awards attorneys' fees in the amount of $2,408 plus $802 in costs for a total of $3,210 in attorneys' fees and costs.

For these reasons, the Court **GRANTS** Plaintiff's motion in part. Judgment shall be entered as follows:

- Plaintiff is **AWARDED** $4,000 in statutory damages;

- Plaintiff is **AWARDED** $3,210 in attorneys' fees and costs;

- Defendants are **ORDERED** to provide accessible paths of travel in La Alicia Meat Market that are in compliance with Section 403.5 of the [2010 ADA Standards for Accessible Design](#);

- Plaintiff is **ORDERED** to mail a copy of this order and the judgment concurrently filed to Defendants. Plaintiff shall file proof of service by **September 8, 2022.**

A Final Judgment will be entered separately.

IT IS SO ORDERED.

Date: August 25, 2022

Stanley Blumenfeld, Jr.
United States District Judge